IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JILL NATION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-05063-MDH |
| | ) |
| THOMAS E. MOORE, DDS and | ) |
| ROCK DENTAL MISSOURI, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Thomas E. Moore, DDS ("Defendant Moore") and Thomas E. Moore, DDS P.C.'s (collectively, "Defendants'") 12(b)(6) Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted. The matter is ripe for review and the Court has considered all briefing. For reasons herein, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

This matter generally involves allegations of negligent and/or intentionally ineffective dental care as well as negligent and/or intentional efforts to ensure Plaintiff Jill Nation ("Plaintiff") could not obtain medical records. Specifically, Plaintiff alleges that a 2015 softball accident caused Plaintiff to lose one of her two front teeth. Plaintiff was fifteen years old at the time of the incident. Plaintiff then sought dentistry and orthodontic care from Defendant Moore at his clinic in Nevada, Missouri. Defendant Moore's practice, Plaintiff alleges, is part of a network called Westrock clinics. Plaintiff contends Defendant Moore advised Plaintiff that,

1

rather than simply replacing a missing front tooth, Plaintiff should undertake a years-long plan to shift all of Plaintiff's upper teeth, so that her left incisor would eventually take the place of the missing front tooth. Once the left incisor became the front tooth, according to Plaintiff's allegations about Defendant Moore's plan, Plaintiff would then be referred to an oral surgeon who would reconstruct the left incisor to appear more akin to a natural front tooth. Based on Defendant Moore's representations, Plaintiff and her parents agreed to follow Defendant Moore's advice and undertake the years-long plan of shifting Plaintiff's upper teeth to accommodate the missing front tooth.

Plaintiff contends that after about six years of extensive dental work pursuing Defendant Moore's plan, Plaintiff was referred to Dr. Karl Jobst, DDS, in Grove, Oklahoma for cosmetic dentistry needs. Dr. Jobst was "horrified," Plaintiff contends, when he saw the results of Defendant Moore's work. Plaintiff contends that Defendant Moore's work permanently altered Plaintiff's bite, teeth, jaw, and skull, causing pain, distortion, and disfunction. Plaintiff alleges Dr. Jobst advised Plaintiff that she would need extensive dental work in effort to counteract the permanent pain and disfigurement caused by Defendant Moore. Further, Plaintiff alleges that Defendant Moore and his practice continually refused to provide Plaintiff with her medical records following repeated requests from Plaintiff and Dr. Jobst. Plaintiff's Amended Complaint alleges six counts altogether: Count One alleges Dental Negligence against Defendants Thomas E. Moore and Moore P.C.; Count Two alleges Dental Negligence against Defendant Westrock; Count Three alleges Joint Enterprise against all defendants; Count Four alleges Conversion against all Defendants; Count Five alleges Negligence pertaining to the unavailability of medical records against all defendants; and Count Six alleges violations of Missouri's Merchandising Practicing Act ("MMPA") against all defendants.

2

Case 3:22-cv-05063-MDH   Document 70   Filed 10/02/23   Page 2 of 9

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When assessing a complaint for a 12(b)(6) motion, the court considers the complaint itself and documents necessarily embraced by the pleadings. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

**DISCUSSION**

I.  **Count Six MMPA Allegation**

   a. **Intentional versus Negligent Conduct**

Defendant first asks this Court to dismiss with prejudice Plaintiff's Count Six MMPA allegations. As a basis for this request, Defendant cites 2020 amendments to the MMPA statute

3

that specifically prohibit plaintiffs from bringing certain claims under the MMPA, when those claims could have been brought under chapter 538 of the Missouri revised statutes. The MMPA generally provides a civil remedy for people who have lost money after relying on various acts of misrepresentation or fraud when purchasing merchandise. RSMO § 407.025. Chapter 538, on the other hand, provides a civil remedy for plaintiffs who have suffered personal injury or death because a health care provider has failed exercise "that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession." RSMO 538.210(1).

Added in 2020, subsection three of the MMPA provides that "no action may be brought under this section to recover damages for personal injury or death in which a claim can be made under chapter 538." RSMO § 407.025(3). Pointing to the legislative history of the 2020 amendments, Defendants generally argue Plaintiffs have brought the MMPA claim to avoid certain statutory damages limits pertinent to claims brought under chapter 538. (Doc. 54 at 5). Defendants contend "whether a plaintiff's MMPA action seeks to recover damages that arise out of intentional misconduct declared unlawful by the MMPA is irrelevant to determining whether that Plaintiff can maintain the MMPA action." (Doc. 54 at 2). Plaintiff's Amended Complaint alleges both intentional and negligent misconduct. For example, Counts One, Two, and Five all allege some form of negligence, while Counts Four and Six allege intentional MMPA violations and conversion, an intentional tort under Missouri common law. *Massood v. Fedynich*, 530 S.W.3d 49, 57 (Mo. Ct. App. 2017). Defendants emphasize the text of RSMO § 407.025(3), which Defendants contend bars every possible claim that could conceivably have been brought under chapter 538. A close examination of the relevant statutes, however, suggests a more complicated picture.

4

It is not clear, for example, that the language of chapter 538 contemplates allegations of intentional conduct, rather than simply negligent conduct. The statute prohibits providers from failing to use "that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession". RSMO § 538.210(1). A departure from the standard of care ordinarily used by others in the profession appears to be a rather textbook reference to a negligent act, rather than intentional misconduct. For purposes of deciding a motion to dismiss, in which the Court looks only to whether the plaintiff has asserted a plausible claim for relief, interpreting the language of chapter 538 to include intentional rather than simply negligent acts would yield an attenuated application of the statutory language.

This understanding of chapter 538 also proves consistent with the language of the MMPA, which, when read in connection with RSMO § 407.020, contemplates intentionally fraudulent activity as well as negligent omissions. In other words, the MMPA statute specifically prohibits not only intentional acts, but also some negligent omissions, which could reasonably give rise to claims of negligent medical malpractice brought under § 538.210. That category of claims—negligent acts that could give rise to claims under both § 538.210 as well as the MMPA—would appear to be the type of allegations the Missouri legislature had in mind enacting in 2020 the MMPA amendments found in RSMO § 407.025(3). This is particularly true at the motion to dismiss stage, where this Court is required to draw all reasonable references in favor of the non-moving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). This interpretation also finds support from Missouri Supreme Court jurisprudence that has specifically sought to distinguish between negligent and intentionally harmful acts. *See*
5

*Dodson v. Ferrara*, 491 S.W.3d 542, 563 (Mo. 2016) ("negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct").[1]

    Defendants' argument relies heavily on *Tolu v. Reid*, in which the Missouri Court of Appeals upheld a trial court's dismissal of an MMPA claim because "the trial court found that [the plaintiff] did not establish that she entered into a transaction to purchase merchandise or services from" the defendants. *Tolu v. Reid*, 639 S.W. 3d 504, 538-39 (Mo. Ct. App. Dec. 28, 2021). The Court of Appeals also recognized that the trial Court dismissed the plaintiff's MMPA claim because "[t]he 2020 Amendments to the MMPA, which were in affect [sic] when [the plaintiff] filed her initial Petition in this matter, specifically prohibit plaintiffs from using the MMPA as a vehicle to bring claims that should be filed under Missouri's malpractice statute." *Id*. at 538. The *Tolu* plaintiff, however, failed to challenge the trial court's dismissal on grounds of the 2020 MMPA amendments. *Id*. The Plaintiff challenged only the trial court's finding that she had not entered into a contract with the defendants. *Id*. Therefore, drawing all reasonable inferences in favor of Plaintiff, because the Missouri Court of Appeals did not specifically affirm the trial court's dismissal on grounds of the MMPA amendments, *Tolu* does not lend sufficient support to Defendants' argument to enable this Court to dismiss Count Six of the Amended Complaint.

---

[1] RSMO 538.210(8) provides that punitive damages are available only on a finding of intentional misconduct or malicious misconduct. This reference to intentional misconduct, however, does not indicate, at least for purposes of a motion to dismiss, that RSMO 538.210(1) broadly contemplates intentional as well as negligent acts. The Missouri Supreme Court has held that, "'An act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted'… This is because the defendant's reckless indifference to – or conscious disregard of – a very high risk of harm is 'tantamount to intentional wrongdoing.'" *Rhoden v. Missouri Delta Med. Ctr.,* 621 S.W.3d 469, 487 (Mo. 2021) (citing *Sharp v. Robberson*, 495 S.W.2d 394, 397 (Mo. banc 1973)). In other words, certain acts of negligence reflect such a significant departure from the standard of care, injury inflicted may be akin to injury inflicted intentionally, even though the underlying acts are most appropriately described as negligent.

b. **Differences in Damages Alleged**

Defendants also argue that Plaintiff's failure to allege unique damages in the MMPA claim *vis-à-vis* the medical negligence claims, somehow indicates Plaintiff's MMPA claim is "an attempt to circumvent the penalty provisions applicable to claims under chapter 538." (Doc. 54 at 5). This Court agrees with Defendants that differences in alleged damages may effectively reflect any factual departure between the negligence and MMPA claims. This Court does not agree, however, that Plaintiff has alleged the same damages for the negligence and MMPA claims. As to MMPA damages, Plaintiff asserts generally that Plaintiff suffered damages "as a direct result of Plaintiff's unlawful practices." (Doc. 36 at ¶ 69). While somewhat vague, this is plainly different that the specific damages alleged under each of Plaintiff's negligence allegations, which list individual physical ailments (Doc. 36 at ¶¶ 11, 46) or reference a delay in treatment. (Doc. 36 at ¶ 64). Most saliently, however, Plaintiff's MMPA damages allegations fail to reference personal injury or death, the only types allegations specifically prohibited by RSMO 407.025(3). That Plaintiff's MMPA claim incorporates preceding paragraphs, does not indicate that she has failed to sufficiently allege distinct damages.

c. **Specific, Complained-Of Acts in Count Six**

Plaintiff's specific MMPA allegations, while albeit somewhat general, do not make specific reference to Defendants' alleged negligent acts that give rise to Plaintiff's Dental Negligence claims in Counts One and Two. Rather, Plaintiff alleges generally that, "the defendants used fraud, false pretense, false promise, misrepresentation, and the concealment or suppression of material facts in providing the services – including but not limited to

7

misrepresenting the collaborative nature of Westrock's care and concealing evidence of negligence by refusing to provide Jill's dental records." (Doc. 36 at ¶ 67). It is not entirely clear how the complained-of conduct in Count Six would give rise to a malpractice claim under Section 538 that seeks damages for personal injury. Rather, Count Six's allegations make specific reference to misrepresentations about collaboration and intentionally preventing Plaintiff from accessing her medical records and, unlike Plaintiff's dental negligence claims, do not reference personal injury suffered. The Amended Complaint's allegations about Defendants intentionally concealing Plaintiff's medical records and joint enterprise, which do not plainly give rise to claim for personal injury under chapter 538, reflect a broader range of allegations that may reasonably support a MMPA claim, independent of Plaintiff's chapter 538 allegations in Counts One and Two. Put differently, if Plaintiff's Amended Complaint lacked allegations about concealment of medical records and joint enterprise, it is less clear that Plaintiff's MMPA allegations would survive Defendants' Motion to Dismiss. As it is, however, Plaintiff's allegations are sufficient at this stage of litigation.

II.     **Plaintiff's Claims for Pre- and Post-Judgment Interest in Counts One and Three**

Defendant argues that pre- and post-judgment interest is unavailable for Plaintiff's claims of Dental Negligence under Count One and Joint Enterprise under Count Three. As Defendants argue, RSMO §§ 408.040 (2)-(3) dictates the level of pre- and post-judgment interest available on a particular judgment. Further, RSMO § 538.300 provides that RSMO §§ 408.040 (2)-(3) do not apply to actions brought under RSMO §§ 538.205-538.230. There is no question that Count One of Plaintiff's Amended Complaint is a Dental Negligence claim brought under RSMO § 538.210. Therefore, pursuant to RSMO § 538.300, pre- and post-judgment interest are

8

unavailable for Plaintiff's Count One allegations. Plaintiff does not contest this point, claiming "Plaintiff agrees that pre- and post-judgment interest is not permitted on her claims for personal injury arising out of negligent health care and treatment under chapter 538, as alleged in Count I." (Doc. 53 at 9).

On the other hand, Plaintiff contends Count Three, styled as a Joint Enterprise claim, is not subject to the limitations discussed in § 538.300, as it is not a claim brought under chapter 538. Rather, Plaintiff argues that Count Three is based at least partially in allegations of concealment and misrepresentation, rather than negligence under chapter 538. Defendants do not address this point in their reply suggestions. This Court agrees with Plaintiff as to the prayer for pre- and post-judgment interest in Count Three, which Plaintiff does not appear to bring under chapter 538. Accordingly, Defendants' Motion is **GRANTED** as to pre- and post-judgment interest on Count One, but **DENIED** as to pre- and post-judgment interest on Count Three.

## CONCLUSION

For foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' argument as to Count Six's MMPA claim is **DENIED**. Defendants' argument as to pre- and post-judgment interest is **GRANTED** as to Count One, but **DENIED** as to Count Three.

**IT IS SO ORDERED.**

Dated: October 2, 2023  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**