IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JILL NATION, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: 3:22-cv-05063 |
| THOMAS E. MOORE, DDS, et al., | ) ) ) |
|     Defendants. | ) |

**JOINT PRETRIAL MEMORANDUM**

Plaintiff Jill Nation and Defendants Thomas E. Moore, DDS, Thomas E. Moore, DDS, PC, and Rock Dental Missouri, LLC, pursuant to Section K of this Court's Scheduling and Trial Order for Jury Trial, submit the following Joint Pretrial Memorandum.

**I. IDENTIFICATION OF STIPULATED FACTS NOT IN DISPUTE**

1. Plaintiff Jill Nation was born on April 4, 2000.

2. Jill Nation's mother is Tracie Nation.

3. On May 1, 2015, Plaintiff had her tooth #9 (top left front tooth) knocked out by a softball.

4. On May 4, 2015, Plaintiff presented to the University of Missouri – Kansas City ("UMKC") emergency dental clinic for treatment.

5. The staff at UMKC recommended treatment options that included a bridge, implant, or removable denture/flipper to treat the missing tooth.

6. Plaintiff returned to the UMKC Dental Clinic on June 2, 16 and 24, 2015, to address dental caries (tooth decay or cavities).

7. On September 8, 2015, Plaintiff first presented to Dr. Thomas Moore at his Nevada, Missouri, clinic for a new patient appointment.

8. At the new patient appointment, panoramic x-rays were taken of Plaintiff's teeth, and her mouth and face were photographed.

9. Dr. Moore discussed treatment options with Plaintiff and her mother.

10. One option was treating Plaintiff with orthodontic braces and eventually replacing the missing central incisor with an implant or bridge.

11. Another option was treating Plaintiff with orthodontic braces and using the braces to reposition Plaintiff's left lateral incisor into the space created by the missing central incisor and repositioning her left canine into the space vacated by the left lateral incisor. After the orthodontic treatment was complete, Plaintiff would see a cosmetic dentist who would make the repositioned teeth look like a central incisor and canine. Then Plaintiff would follow up with Dr. Moore for retainer care.

12. The plan of care implemented was the one involving repositioning the left lateral incisor and canine.

13. Dr. Moore placed orthodontic braces on Plaintiff's upper teeth on October 29, 2015.

14. Dr. Moore placed orthodontic braces on Plaintiff's lower teeth on December 15, 2015.

15. Plaintiff first sought cosmetic dental treatment with Dr. Karl Jobst at Grand Lake Dental on October 12, 2021.

16. Dr. Jobst took x-rays of Plaintiff's mouth and face.

17. Dr. Jobst consulted with Dr. John Wellington Truitt about Plaintiff.

18. Dr. Truitt reviewed Dr. Jobst's x-rays of Plaintiff and sent Dr. Jobst a consultation letter dated October 19, 2021.

19. On November 9, 2021, Dr. Moore and Rock Dental Missouri, LLC, closed on an asset purchase agreement of Dr. Moore's prior solo practice, Thomas E. Moore, DDS, PC.

20. On November 9, 2021, Plaintiff called Dr. Moore's office, asking for her records to be emailed to Dr. Jobst.

21. At 4:01 p.m. on November 9, 2021, Dr. Moore's office emailed a photocopy of Plaintiff's most recent panoramic x-ray dated November 1, 2021, to Megan Arnold, a dental assistant in Dr. Jobst's office.

22. At 4:05 p.m. on November 9, 2021, Ms. Arnold responded to the email requesting chart notes of everything done for Plaintiff.

23. On November 10, 2021, Dr. Moore and his staff became employees of Rock Dental Missouri, LLC.

24. On November 10, 2021, ownership and control over Plaintiff's medical records were transferred from Thomas E. Moore, DDS, P.C., to Rock Dental Missouri, LLC.

25. At 11:25 a.m. on November 10, 2021, Ms. Arnold sent an email stating they were still waiting for Plaintiff's full chart notes to be sent from start to finish and that they cannot do anything cosmetic until the notes are sent.

26. On November 12, 2021, Dr. Moore sent a letter to Dr. Jobst regarding Plaintiff's care and treatment.

27. On December 13, 2021, Plaintiff presented to Dr. Moore's office for a scheduled visit.

28. On December 13, 2021, Plaintiff completed a release of records form given to her by Rock Dental Missouri, LLC.

29. On February 21, 2022, Rock Dental Missouri, LLC employees emailed Megan Arnold photocopies of seven additional x-rays, including Dr. Moore's initial cephalometric x-ray dated September 8, 2015, and an AAO Transfer Form for Patient in Active Treatment.

30. Sometime between April and May of 2022, Rock Dental Missouri, LLC sent Dr. Moore's chart on Plaintiff to Dr. Jobst.

31. On August 31, 2022, Plaintiff filed the instant lawsuit.

32. On March 9, 2023, Rock Dental Missouri LLC produced digitized copies of all of Plaintiff's radiographs.

33. On April 11, 2023, Plaintiff was examined by Dr. Truitt.

34. On May 9, 2023, Dr. Jobst removed Plaintiff's braces.

35. On June 3, 2023, Dr. Jobst placed a dental splint in Plaintiff's mouth.

36. Plaintiff is currently receiving dental care and treatment from Dr. Jobst.

## II. IDENTIFICATION OF DISPUTED ISSUES REGARDING SUFFICIENCY OF FOUNDATION FOR OR AUTHENTICITY OF AN EXHIBIT

The parties are aware of none at this time. Plaintiff expects to ask the Court to take judicial notice of the following: RSMO § 191.227; 45 CFR § 164.524; 20 CSR 2110-2.114.

Defendants Dispute the sufficiency of the foundation for and/or authenticity of the following exhibits as stated in their Objections to Plaintiff's Exhibit List:

P13 – Unauthenticated and lack of foundation. This exhibit purports to be a printout of a website. Plaintiff offered no information to authenticate it or to otherwise establish the foundation for its admissibility.

P56 – Unauthenticated and lacks foundation. This exhibit purports to be a "Arch analysis bimler chart" of Plaintiff's mouth/teeth. Dr. Truitt admitted the chart was created by a technician in his lab. Dr. Truitt therefore cannot authenticate the chart. Furthermore, Dr. Trutt cannot establish that x-rays and molds from the correct patient were used to create this chart.

P57 – Unauthenticated and lacks foundation. This exhibit purports to be a "Bimler elite chart." For the same reasons outlined above in relation to P56 this exhibit is not admissible.

P102 – Unauthenticated and lacks foundation. This exhibit purports to be a transcript of a voice mail. The transcript has not been properly authenticated by any witness. Furthermore, the transcript was not created or verified by a certified court reporter.

P114 – Unauthenticated and lacks foundation. This exhibit purports to be a youtube.com video. There is no evidence authenticating it nor laying the foundation for its admissibility.

P116 - Unauthenticated and lack of foundation. This exhibit purports to be a printout of a website. Plaintiff offered no information to authenticate it or to otherwise establish the foundation for its admissibility.

### III. IDENTIFICATION OF LEGAL AND FACTUAL ISSUES TO BE TRIED

**Regarding Plaintiff's claim of health care provider negligence under Chapter 538 RSMo, the parties agree the following issues will be tried:**

1. Whether Dr. Moore's care and treatment of Plaintiff prior to his employment with Rock Dental Missouri, LLC failed to meet the standard of care and was negligent.

2. Whether Dr. Moore's care and treatment of Plaintiff after his employment with Rock Dental Missouri, LLC failed to meet the standard of care and was negligent.

3. Whether Defendant Rock Dental Missouri, LLC, owed an independent duty to Plaintiff.

4. Whether Rock Dental Missouri, LLC's care and treatment of Plaintiff failed to meet the standard of care and was negligent.

5. Whether the Defendants' conduct directly caused or directly contributed to cause Plaintiff damage.

6. Whether Plaintiff is entitled to damages for past economic and noneconomic damages, future economic and noneconomic damages, past medical special damages, and future medical special damages.

7. If Plaintiff is entitled to any such damages, the amount of those damages.

8. Whether the limitations on noneconomic damage awards in RSMO § 538.210.2 apply to any such award Plaintiff may receive. Defendants note this is a legal issue to be decided by the court. The jury is not to be made aware of the existence of this statute or its potential impact on the outcome.

9. Whether Plaintiff is entitled to punitive damages to serve to punish one or both Defendants and deter one or both Defendants and others from like conduct. Defendants note that Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to allow the pleadings to be conformed to the evidence. Defendants object to the injection of any issue and all evidence relating to punitive damages.

10. If punitive damages are warranted against one or both Defendants, the amount of punitive damages to be awarded. Defendants note that Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to

allow the pleadings to be conformed to the evidence. Defendants object to the injection of any issue and all evidence relating to punitive damages.

11. Whether the limitations on punitive damage awards in RSMO § 510.265 apply to any such award Plaintiff may receive. Defendants note that Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to allow the pleadings to be conformed to the evidence. Defendants object to the injection of any issue and all evidence relating to punitive damages.

**<u>Regarding Plaintiff's claim for conversion, the parties agree the following issues will be tried:</u>**

12. Whether Defendants intentionally failed to provide a copy of Plaintiff's dental records to Plaintiff.

13. Whether Defendants denied Plaintiff her possessory right to a copy of her records. Defendants note that Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to allow the pleadings to be conformed to the evidence. Defendants object to the injection of any issue and all evidence relating to punitive damages. In addition, the application of this limitation is a legal issue to be decided by the court.

14. Whether Plaintiff is entitled to damages and, if so, the amount of damages. Defendants note that Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to allow the pleadings to be conformed

to the evidence. Defendants object to the injection of any issue and all evidence relating to punitive damages. In addition, the application of this limitation is a legal issue to be decided by the court.

15. Whether Plaintiff is entitled to punitive damages to serve to punish one or both Defendants and deter one or both Defendants and others from like conduct.

16. If punitive damages are warranted against one or both Defendants, the amount of punitive damages to be awarded.

### IV. IDENTIFICATION OF EVIDENTIARY ISSUES EXPECTED TO BE PRESENTED AT TRIAL

Plaintiff did not plead punitive damages in her First Amended Complaint. Plaintiff's right to seek these damages is, therefore, disputed. Defendants do not intend to allow Plaintiff to try the issue of punitive damages by consent nor to allow the pleadings to be conformed to the evidence. Defendants therefore object to the injection of any issue and all evidence relating to punitive damages. The parties have raised all other expected evidentiary issues through motions *in limine*, the parties' Trial Exhibit Lists, Witness Lists, and objections thereto, and *Daubert* motions. At this time the parties are not aware of other specific evidentiary issues to be presented at trial.

### V. ESTIMATED LENGTH OF TRIAL

The parties estimate needing seven trial days.

### VI. HISTORY OF MEDIATION EFFORTS

The parties have participated in the US District Court for the Western District of Missouri's Mediation and Assessment Program ("MAP"). The parties complied with the MAP obligation of early mediation within 75 days after the parties' Rule 26 Conference. This mediation occurred on March 22, 2023. This mediation was unsuccessful in resolving the case as a bulk of discovery had yet to be completed in the case. The parties reconvened for a second mediation on January 30,

2024. The parties participated in good faith, but the case was unable to be resolved during that mediation. The parties have continued to explore potential resolution with the second mediator following the January 30, 2024, mediation but have been unable to resolve the claims to date.

Respectfully submitted:

*/s/ Paula L. Brown*
Paula L. Brown     MO #45870
Scott R. Ast     MO #51699
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Ste. 1950
Kansas City, MO 64106
(816) 268-9400
(816) 268-9409 FAX
pbrown@sakg.com
sast@sakg.com
*Attorneys for Plaintiff Jill Nation*

**and**

*/s/ Robert Givens*
BK Christopher     MO #41697
Robert Givens     MO #67423
HORN AYLWARD & BANDY LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816) 421-0700
(816) 421-0899 FAX
bchristopher@hab-law.com
rgivens@hab-law.com
*Attorneys for Defendant Rock Dental Missouri, LLC, d/b/a Westrock Orthodontics*

**and**

*/s/ Ryan J. Niehaus*
Brian L. Burge     MO #55101
Ryan J. Niehaus     MO #66103
Bradley S. Russell     MO #39392
SANDERS WARREN & RUSSELL, LLP
Compass Corporate Centre
11225 College Blvd, Suite 450

Overland Park, KS 66210
(913) 234-6100
(913) 234-6199 FAX
b.burge@swrllp.com
r.niehaus@swrllp.com
b.russell@swrllp.com
*Attorneys for Defendants Thomas E. Moore, DDS and Thomas E. Moore, DDS. P.C.*

### CERTIFICATE OF SERVICE

I certify that on this 7th day of August 2024, a copy of the foregoing was filed through the Court's CM/ECF electronic filing system which provided notification to all interested parties.

*/s/ Paula L. Brown*
Attorney