IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JILL NATION,

               **Plaintiff,**

v.                                      Case No.: 3:22 cv 5063 - MDH

THOMAS E. MOORE, DDS, and
ROCK DENTAL MISSOURI, LLC,

               **Defendants.**

## ORDER

Before the Court are Plaintiff Jill Nation's ("Plaintiff") Motion in Limine (Doc. 143), Defendant Thomas E. Moore, DDS, and Thomas E. Moore, DDS P.C.'s (Collectively, "Defendant Moore") Motion in Limine (Doc. 150), Defendant Rock Dental Missouri, LLC's Motion in Limine (Doc. 139), Plaintiff's Motion to Strike Undisclosed Witnesses from Defendants' Witness Lists (Doc. 153), and Defendants Joint Motion for Order Excluding and Prohibiting the Use of Untimely Produced Documents (Doc. 170).

PLAINTIFF'S MOTIONS IN LIMINE

With respect to Plaintiff's Motion in Limine, (Doc. 143) this Court **GRANTS** this motion in **PART** and **DENIES** this motion in part. As to point one regarding any mention or evidence that Dr. Nicholas Panomitrios is a lawyer is **DENIED**; however, he may not testify to any legal opinions. As to point two regarding speculative argument and evidence regarding possible causes of Plaintiff's temporomandibular joint disorder (TMD) is **DENIED**; however, no alternative cause will be submitted to the jury in instructions about expert testimony that such was actually the cause. As to point three regarding evidence or argument of the fault of any nonparty in causing or

worsening Plaintiff's damages is **DENIED**. Defendant may argue the conduct of others was not the sole cause of Plaintiff's injury, but no sole cause instruction will be given. As to point four regarding any comparative fault argument as to Plaintiff is **GRANTED**. As to point five regarding any evidence or argument regarding Dr. Jobst's prior malpractice cases, surrendered license, or car crash is **GRANTED**. As to point six regarding that Plaintiff's expert witnesses are "just general dentists" is **DENIED**; however, the scope of the educational training and experience of the experts may be presented to the jury. As to point seven regarding undisclosed expert testimony, opinions, or evidence regarding a prognosis for plaintiff is **GRANTED** with the exception that Dr. Miller may testify that if Plaintiff had stayed the course with the original treatment plan Plaintiff would not need corrective surgery. As to point eight regarding any evidence or reference to the Dental Service Organization (DSO) Agreement between Rock Dental Brands and Rock Dental of Missouri, LLC is **DENIED**. Objections concerning relevance to and use of the agreement at trial will be resolved during trial. The parties should use caution in referring to the agreement in opening. As to point nine regarding speculative evidence or argument that Defendant Moore's plan was "approved" by a general dentist is **GRANTED** and applies to both parties. Finally, as to point ten regarding inflammatory or improper arguments regarding impact of award or verdict it is **GRANTED** as to (a), (b), and (c).

DEFENDANT MOORE'S MOTIONS IN LIMINE

With respect to Defendant Moore's Motion in Limine, (Doc. 150) this Court **GRANTS** this motion with exceptions. As to point one regarding evidence, inference, or arguments related to alleged failure to produce documents or other discovery issues as irrelevant and prejudicial if submitted to a jury is **GRANTED** with exception that Plaintiff can state when they requested medical records, and when they received them. As to point two regarding using video deposition

testimony offers no legitimate probative purpose and prejudices the jury in opening statements is **GRANTED** with exception to any exhibits the parties jointly stipulate are admissible may be used. As to point three regarding Plaintiff's complaint to the Missouri Dental Board about Dr. Moore, its investigation of that complaint, and any other evidence, testimony, or reference to said Board should be excluded is **GRANTED**. As to point four regarding reference to insurance coverage, insurance companies, insurance representatives, and any indirect references to the insurance business such as "claims adjusting" or "claims investigations", should be excluded is **GRANTED** with the exception that Plaintiff and Tracie Nation may talk about their employment background. As to point five regarding settlement offers, demands, negotiations, and any other efforts by any party to resolve this case as well as any party's refusal to do so should be excluded from evidence is **GRANTED**. As to point six regarding evidence and references to the parties' assets, income, investments, wealth, financial condition, or social status should be prohibited is **GRANTED**. As to point seven regarding golden rule arguments should be prohibited is **GRANTED** and applies to both parties. As to point eight regarding Plaintiff, her counsel, and witnesses should be prohibited from using the phrase "human experimentation" is **GRANTED**. As to point nine regarding Plaintiff should be prohibited from offering cumulative expert testimony is **GRANTED** with exception that the parties may choose which two experts may opine on any subject. As to point ten regarding evidence of other lawsuits unrelated to this action should be prohibited is **GRANTED**. As to point eleven regarding evidence of complaints about Dr. Moore by other patients who transferred their care to a different orthodontist and were given refunds is **GRANTED**. As to point twelve regarding any undisclosed experts and expert opinions should be excluded is **GRANTED**. As to point thirteen regarding any lay witnesses should be prohibited from offering expert opinion testimony is **GRANTED**. Finally, as to point fourteen regarding witnesses should be excluded

from the courtroom until called to testified is **GRANTED** with exception to the parties in the case.

DEFENDANT ROCK DENTAL MISSOURI, LLC'S MOTIONS IN LIMINE

With respect to Defendant Rock Dental Missouri, LLC's Motion in Limine, (Doc. 139) this Court **GRANTS** this motion in **PART** and **DENIES** this motion in part. As to part one regarding hearsay statements concerning what health care providers, aside from Dr. Moore, said to Plaintiff or her family members regarding the care and treatment at issue is **GRANTED**. As to part two regarding criticism provided by Plaintiff's experts that do not equate to a breach of the standard of care is **DENIED**. As to part three of evidence regarding breaches of the standard of care that did not cause or contribute to cause Plaintiff's alleged damages is **DENIED**. As to part four regarding expert opinions not disclosed in deposition or new factual bases for opinions previously disclosed in deposition is **GRANTED**. As to part five regarding any reference to the financial or social status of either of the parties is **GRANTED** with the exception should punitive damages be allowed this will be examined during the bifurcated portion of the trial. As to part six regarding other lawsuits or claims involving Defendant and/or Codefendant Moore is **GRANTED**. As to part seven regarding any statement or reference by any party or witness regarding professional liability insurance is **GRANTED**. As to part eight regarding settlement negotiations or discussions is **GRANTED**. As to part nine regarding publishing medical literature to the jury is **DENIED**; however, a proper foundation must be established, and the literature must have been identified during discovery. As to part ten regarding any evidence of Defendant Rock Dental Missouri, LLC's due diligence into Codefendant Moore's prior solo practice is **GRANTED**. Finally, as to part eleven regarding any evidence of Defendant Rock Dental Missouri, LLC owing any type of duty to Plaintiff following her removal of treatment consent on December 13, 2021 is **DENIED**.

PLAINTIFF'S MOTION TO STRIKE UNDISCLOSED WITNESSES FROM DEFENDANTS' WITNESS LISTS

With respect to Plaintiff's Motion to Strike (Doc. 153), this Court **GRANTS** the motion.

DEFENDANTS JOINT MOTION FOR ORDER EXCLUDING AND PROHIBITING THE USE OF UNTIMELY PRODUCED DOCUMENTS

With respect to Defendants joint Motion for Order (Doc. 170), this Court **GRANTS** the motion with several exceptions. Regarding the progress notes for treatment rendered on and after August 2023 Plaintiff's experts will be allowed to state the condition of plaintiff from the progress notes but Plaintiff's experts can't make any statements that aren't consistent with their opinions based on their records and cannot use their records or additional support in the records. All recent records shall be immediately provided to Defendants by Plaintiff. Regarding photographs, intraoral photographs, x-rays, and CT scans of Plaintiff if they were the same photographs, x-rays, CT scans sent during the discovery period they will be allowed. However, if they aren't the same images they will be prohibited.

In addition to the Court's rulings on the above, the Court reminds the parties that these rulings do not preclude the parties from objecting at trial or otherwise presenting a matter to the Court, as long as it is done in accordance with proper procedure.

**IT IS SO ORDERED**.
DATED: August 12, 2024

                **/s/ Douglass Harpool**
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**