IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JILL NATION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THOMAS E. MOORE, DDS, and<br>ROCK DENTAL MISSOURI, LLC,<br><br>　　　　　　　　　Defendants. | Case No.: 3:22 cv 5063 - MDH |

## ORDER

Before the Court are Plaintiff Jill Nation's ("Plaintiff") Motion for Reconsideration Concerning Punitive Damages (Doc. 184) and Plaintiff's Motion for Leave to File Second Amended Compliant (Doc. 185).

MOTION FOR RECONSIDERATION REGARDING PUNITIVE DAMAGES

In neither Plaintiff's original Complaint (Doc. 1) nor her Amended Complaint (Doc. 36) is there factual or legal allegations nor a prayer that would specify Plaintiff's intention to seek punitive damages. The prayers for relief make no mention of punitive damages. The allegations are of negligence.

Missouri Revised Statute § 538.210(8) states

"Any provision of law or court rule to the contrary notwithstanding, an award of punitive damages against a health care provider governed by the provisions of sections 538.205 to 538.230 shall be made only upon a finding by the jury that the evidence clearly and convincingly demonstrated that the health care provider intentionally caused damage to the plaintiff or demonstrated malicious misconduct that caused damage to the plaintiff. Evidence of negligence including, but not limited to, indifference to or conscious disregard for the safety of others shall not constitute intentional conduct or malicious misconduct."

The factual allegation of the Complaint and Amended Complaint allege neither malicious conduct nor an intent to harm. The factual allegation in the complaint do not put Defendants on notice of an intent to seek punitive damages under the standard established by § 538.210(8).

Plaintiff's initial Rule 26 disclosures state, "Plaintiff will file a claim for punitive damages *and supplement regarding her prayer for relief* per Mo. Rev. Stat. § 510.261.5." (Emphasis added). Plaintiff never supplemented any prayer for relief regarding punitive damages in her amended complaint. Nor did Plaintiff seek leave of court to so amend as that statute would require if deemed applicable to this diversity action.

Plaintiff never sought discovery on the assets of Defendants which would have provided notice to Defendants an intent to pursue punitive damages.

No experts, from either Plaintiff or Defendants, opined regarding any intentionally caused damage or malicious misconduct causing damage to the Plaintiff. The topics were not addressed in plaintiff's expert reports and as a result not mentioned in Defendants expert reports. No deposition of any expert touches upon the issues

Plaintiff next maintained an intent to seek punitive damages two days before the close of discovery in her supplemental Rule 26 disclosures where she states "[p]unitive damages are unliquidated, and Plaintiff seeks the highest amount as determined by the trier of fact after all evidence is presented, likely exceeding $5 million." Defendants assert if Plaintiff had sought punitive damages in her pleading before the close of discovery they would have conducted their depositions differently and inquired regarding the heightened standard necessary to prove punitive damages in a medical negligence case. Defendants state had they known about punitive damages they would have also attempted to strike punitive damages in a Summary Judgment Motion (Doc. 106).

While the court doubts Plaintiff ability to reach the high evidentiary standard of § 538.210(8) in this matter, defendants could be prejudiced should a punitive damage claim be presented to the jury. The Court believes to so prejudice Defendants would result in injustice.

The Court is aware of *Bowles v. Osmose Utilities Servs.*, Inc., 443 F.3d 671 (8th Cir. 2006) but believes the current case is distinguishable. *Bowles* concerned an employee who sued his employer under § 1981, alleging he was subjected to a racially hostile work environment. In that case the trial judge concluded there was clear evidence there was no prejudice to the defendant nor any unfair surprise. No such conclusion can be reached here. In *Bowles* the facts indicating the defendant was on notice was Bowles explicit intent to seek punitive damages stated in his pre-trial disclosure material *and* his request during discovery when Mr. Bowle's requested information on Defendant's net worth. In this case, Plaintiff never made an inquiry during discovery about the net worth, assets, or other relevant information that would put Defendants on notice. Further, Plaintiff's initial Rule 26 disclosure stated that plaintiff "will file a claim for punitive damages and *supplement regarding her prayer for relief*." (Emphasis added). When this never happened, it was reasonable for Defendants to believe that punitive damages were not being pursued. Defendants conducted discovery accordingly.

Finally, this case is further distinguished from *Bowles* because *Bowles* dealt with a racial discrimination case compared with a medical negligence case. Punitive damages "are not generally recoverable in negligence actions because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Dodson v. Ferrara*, 491 S.W.3d 542, 563 (Mo. banc 2016). Punitive damage claims in racial discrimination cases are common if not expected. Negligence cases are very different. Punitive damage awards under discrimination laws are not subject to the high standard of § 538.210(8). Liability issues in discrimination cases do not

typically rely as heavily on expert witnesses testimony as do professional negligence cases.

For these reasons, Plaintiff's Motion for Reconsideration Regarding Punitive Damages is **DENIED**.

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

"If a party files for leave to amend outside of the Court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008), citing Federal Rule of Civil Procedure 16(b). When a plaintiff seeks to add new claims in an untimely motion to amend that she knew she intended to pursue when filing her original complaint, good cause for an untimely motion is not established. *See Bartad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005). When a plaintiff's untimely motion to amend a complaint to add punitive damages provides "no reason why punitive damages could not have earlier been alleged," good cause is not established. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003).

Plaintiff's Motion to Leave to File Second Amended Complaint is untimely as it was filed on August 12, 2024, seven days before the start of trial. Additionally, allowing Plaintiff's leave to file an amended brief so late in the process would be prejudicial to the defendants. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED**.
DATED: August 15, 2024

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**