IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JILL NATION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:22-cv-05063-MDH |
| THOMAS E. MOORE, DDS, et. al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's Motion for New Trial. (Doc. 272) Defendants' have jointly responded in opposition to Plaintiff's Motion for a New Trial (Doc. 276) and Plaintiff has replied. (Doc. 277). The matter is now ripe for review. For the following reasons Plaintiff's Motion for a New Trial is **DENIED**.

## BACKGROUND

Plaintiff brought three counts to trial against Defendants. Specifically, Plaintiff brought counts of: (1) Dental Negligence against part Defendant Thomas E. Moore DDS and Thomas E. Moore DDS, P.C.'s (collectively "Dr. Moore"); (2) Dental Negligence against Defendant Rock Dental Missouri, LLC ("Rock Dental"); and (3) conversion of medical records against all Defendants. On October 31, 2024 this Court granted in part and denied in part Defendant Moore's Motion for Directed Verdict and Defendant Rock Dental's Motion for Directed Verdict. (Doc. 250). The Court found that Plaintiff failed to prove the necessary elements of conversion and directed a verdict in favor of Defendants on that issue. Further, the Court directed a verdict in favor

1

of Rock Dental regarding any direct lability resulting from the alleged inaction of the Doctor Executive Committee. Additionally, On November 4, 2024, the jury returned a verdict finding Defendants zero percent at fault on Plaintiff's medical malpractice claim. Plaintiff's current Motion seeks a new trial on her claims of conversion and negligence. Plaintiff also seeks a new trial because she claims Defendants' arguments regarding alternate causation were prejudicial and the weight of evidence was that Plaintiff suffered damages for which she is receiving care and treatment.

## STANDARD

The Eighth Circuit held, "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Motions under Rule 59(e) may only correct manifest errors or present newly discovered evidence. *Id*. Plaintiffs may not rely on Rule 59(e) to introduce new evidence or raise new arguments or theories. *Id*.

## DISCUSSION

I.  **Conversion**

Plaintiff argues that she presented competent evidence on all elements of conversion and was entitled to have it determined by the jury. Defendants argue that the Court correctly directed verdict as conversion of medical records is not a valid claim under Missouri law. Under Missouri law, conversion requires: (1) the plaintiff owned the property or was entitled to possess it, (2) the defendant took possession of the property with the intent to exercise some control over it, and (3) the defendant thereby deprived the plaintiff or the right to possession. *In re Luebbert*, 987 F.3d

771, 783 (8th Cir. 2021). To maintain conversion, there must be an invasion of a legal right, as opposed from an equitable right. *Osborn v. Chandeysson Elec. Co.*, 248 S.W.2d 657, 663 (Mo. 1952). In Missouri an equitable ownership is the right of the party to have legal title transferred to her upon the performance of a specified condition. *K.C. 1986 Ltd. Partnership v. Reade Mfg.*, 33 F.Supp.2d 820, 834 (W.D. Mo. 1998).

The Court found that Plaintiff did not have an immediate legal right to possession of her dental records and thus had an equitable ownership interest rather than a legal right. In Missouri dentists are responsible for maintaining an adequate and complete record of the patient for seven years from the date of the last professional service rendered. Mo. Rev. Stat. § 332.052. The dentist may provide a copy of the patient's record upon written request, and that copy may be limited to access consistent with the patient's condition and sound therapeutic treatment as defined by the provider. Mo. Rev. Stat. § 191.227.1. As such the Court found Plaintiff had a conditional right to her record and not an immediate right such that a claim for conversion was not proper.

Finally, it should be noted Plaintiff was given substantial records immediately upon request. Some delay in producing additional records resulted in part from a change of ownership of Defendants dental practice. A request for records by one of Plaintiff's experts of portions of the medical record not traditionally sent in response to a typical records request also caused some records to be provided later. Lastly, another one of Plaintiff's experts wanted better quality film which Defendant Moore ultimately provided. Plaintiff's expert request for records by Plaintiff's subsequent treating dentist was clearly motivated by a desire to protect himself from any potential litigation. In any event he did not need the records to begin care of Plaintiff and in fact admitted he never looked at the later produced record. Plaintiff has not shown a manifest error that would

3

warrant Rule 59(e) relief with regard to this claim. As such, Plaintiff's request for a new trial on her conversion claim is **DENIED**.

II.     **Negligence**

Plaintiff argues a new trial is warranted on negligence because the weight of the evidence was that Dr. Moore failed to use that degree of skill and learning ordinarily used under same or similar circumstances by members of his profession in (1) moving over the lateral incisor to replace the central incisor, and (2) failing to treat Plaintiff's class II skeletal condition. Defendants argue that the great weight of evidence in this case established that Dr. Moore's treatment was within the standard of care.

"A district court abuses its discretion in denying a motion for new trial based on sufficiency of evidence if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice." *Russell v. Anderson*, 966 F.3d 711, 724 (8th Cir. 2020) (quoting *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 4533, 459 (8th Cir. 2016)). In a diversity action, "whether the jury's verdict was against the great weight of the evidence is judged in accordance with substantive state law." *Russell v. Anderson*, 966 F.3d 711, 724 (8th Cir. 2020) (quoting *Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 851 (8th Cir. 2014)). Under Missouri law the elements of a medical negligence claim are "the health care provider failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession and that such failure directly caused or contributed to cause the plaintiff's injury or death." Mo. Rev. Stat. § 538.210.1.

A. **Moving the Lateral Incisor to the Central Incisor Position**

Plaintiff argues that the great weight evidence as presented by Dr. Moore, Dr. Meredith, Dr. Truitt, and Dr. Miller established the Defendants' negligence regarding the moving the lateral incisor to the central incisor position. Defendants argue that the great weight of evidence established that Dr. Moore used the degree of skill and learning ordinarily exercised under the same or similar circumstances by members of his profession. Defendants' state any argument to the contrary would require the court to reweigh the evidence and substitute its judgment for that of the jury.

Plaintiff's expert Dr. Meredith testified that Plaintiff's missing central incisor should be treated with either a bridge or implant and that a space closure for a missing central incisor was not taught to her or dental students. Plaintiff's expert Dr. Truitt testified that Defendant Dr. Moore was negligent for failing to consult any other orthodontist, a cosmetic dentist, and the UMKC Dental School before starting his plan. However, Defendants highlighted that both Dr. Meredith and Dr. Truitt were general dentists without orthodontic residency training research. Dr. Truitt repeatedly admitted that some of his ideas were rejected by the traditional mainstream orthodontic community in the United States. Defendants' expert Dr. Miller provided testimony by the only residency trained and board-certified orthodontist other than Dr. Moore. He testified that the lateral incisor substation plan was well within the standard of care and was an option which any orthodontist exercising that degree of skill and learning ordinarily exercised under same or similar circumstance by their profession would have offered to Plaintiff.

The Court cannot say that the verdict is against the weight of evidence nor that allowing it to stand would result in a miscarriage of justice. A reasonable jury could and did find no negligence in Plaintiff's treatment by Dr. Moore. For the reasons stated above Plaintiff's Motion for a New

5

Case 3:22-cv-05063-MDH    Document 278    Filed 01/23/25    Page 5 of 11

Trial based on negligence relating to moving the lateral incisor to the central incisor position is **DENIED**.

### B. Treating Plaintiff's Class II Skeletal Structure

Plaintiff argues that the weight of evidence showed Dr. Moore failed to correct Plaintiff's skeletal class II condition. Specifically, Defendant Moore charted Plaintiff's class II skeletal problems in September of 2015 but had no treatment to address those diagnosed problems. Plaintiff also argues that Rock Dental admitted that it rendered no treatment to correct Plaintiff's skeletal class II condition. Defendants argue that Dr. Moore's treatment plan included interventions to address Plaintiff's class II skeletal condition but was denied the chance to fully implement his plan.

Dr. Moore testified he intended to treat Plaintiff's class II skeletal condition by using tooth extractions and class II elastics. Defendants' expert Dr. Miller testified that Dr. Moore's plan to use tooth extractions and rubber bands to address Jill Nation's class II skeletal condition was appropriate. Dr. Miller further testified that the tooth extractions did improve Plaintiff's Skeletal Class II condition. However, both Dr. Moore and Dr. Miller testified that because Plaintiff did not keep regular visits for follow up care, Plaintiff never progressed sufficiently to allow the use of rubber bands and therefore Dr. Moore did not have an opportunity to address the class II skeletal condition. The jury was entitled to believe their testimony.

Regarding Plaintiff's argument that Rock Dental rendered no treatment to correct Plaintiff's skeletal class II condition is misleading. While evidence was presented that Rock Dental did not actually render treatment after Dr. Moore became affiliated with it, there was evidence that Rock Dental, through Dr. Moore, set up a follow-up appointing with Plaintiff for December 13, 2021. Evidence established that Dr. Moore prepared for the December 13, 2021 visit by reviewing

the most recent records and problems list. Evidence was produced by which a reasonable jury could have believed and found it was Plaintiff who refused further treatment by Dr. Moore at that time. The Court cannot say that the verdict is against the weight of evidence nor that allowing it to stand would result in a miscarriage of justice. For the reasons stated above Plaintiff's Motion for a New Trial based on negligence relating to treating Plaintiff's class II skeletal structure is **DENIED**.

### III. Alternative Causation

Plaintiff argues that Defendants' alternate causation evidence prejudiced the outcome of the trial. Specifically, she points to Defendants' arguments that Tracie Nation, stress, and whiplash arguments were all prejudicial. Defendants assert that the alternative causation arguments were proper.

#### A. Alternative Causes

Plaintiff argues that Dr. Miller's testimony regarding the fault of Tracie Nation was prejudicial and insufficient to present a sole cause defense. Specifically, Plaintiff argues that the sole causation arguments regarding Tracie Nation was never properly disclosed and that such a failure warrants a new trial. Additionally, Plaintiff states Dr. Moore was required by the standard of care to have a "huddle up" with the mother and patient after the extractions delay to discuss the effect it may have on the plan, which was not done. Defendants argue that evidence of non-party sole cause was properly admitted. The jury was free to disregard evidence of Plaintiff's failure to consistently keep appointments based on Dr. Moore's failure to "huddle up".

The rules of evidence do not prevent a defendant from arguing that the act of a third person, even a non-party, was the sole cause of the plaintiff's injuries. *Mengwasser v. Anthony Kempker*

*Trucking, Inc.*, 312 S.W.3d 368, 373 (Mo. Ct. App. 2010) (citing *Oldaker v. Peters*, 817 S.W.2d 245, 253 (Mo. banc 1991). The defendant may choose to introduce evidence of sole cause because sole cause is not an affirmative defense, and plaintiff has the burden of proof on the issue of defendant's negligence. *Hoehn v. Hampton*, 483 S.W.2d 403, 409 (Mo. App. 1972). A defendant may submit evidence of a non-party's negligence "to establish that [the defendant] is not guilty of the negligence charged." *Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 374 (Mo. Ct. App. 2010) (quoting *Oldaker v. Peters*, 817 S.W.2d 245 (Mo. banc 1991). A defendant may also introduce evidence and argue "that the acts of one other than the defendant were the sole cause of the accident." *Id*. (quoting *Oldaker v. Peters*, 817 S.W.2d 245 (Mo. banc 1991). Here evidence of Plaintiff's failure to follow up with appointments goes directly to both Defendant Moore's negligence and the cause of any damage Plaintiff sustained.

Here, the sole cause argument was properly disclosed. Defendants plead sole cause in their answers to Plaintiff's Complaint. (Docs. 47 and 50). Notice would have been provided based on Dr. Miller's deposition. Plaintiff also had notice as evidenced by her Motion in Limine asking the Court to preclude such an argument. (Doc. 143, pages 4-5). Regarding Dr. Miller's testimony, he testified that Tracie Nation, as the parent, bore responsibility for the fact that Plaintiff was not seen for timely follow up after the arch wire was clipped which resulted the loss of critical space regarding Plaintiff's midline. Dr. Miller also testified that Dr. Moore met with Plaintiff's grandmother who sometimes transported Plaintiff to appointments for care, and as documented in Dr. Moore's medical records, was sufficient to satisfy any obligations for a "huddle up" after the extraction delay. The jury was entitled to believe his testimony. The Court finds that the sole cause argument was properly disclosed. The Court cannot say there were any manifest errors that would

require Rule 59(e) relief regarding Plaintiff's sole cause argument. For the reasons stated, Plaintiff's Motion for a New Trial based on Defendants' sole cause argument is **DENIED**.

### B. Stress and Whiplash

Plaintiff argues that Defendants stress and whiplash arguments were prejudicial. Specifically, Plaintiff argues Defendants stress argument was a disguised comparative fault argument that Plaintiff caused her own damages, and no evidence was adduced that Plaintiff had stress that harmed her temporomandibular joints. Plaintiff states the whiplash was a possible cause of temporomandibular dysfunction (TMD) made by Dr. Pogrel was prejudicial. Defendants argue that stress and whiplash were proper arguments.

The standard to admit alternative causation testimony may apply equally to all parties, however plaintiffs, not defendants bear the burden of proof in medical malpractice cases. *Linton by & through Linton v. Carter*, 634 S.W.3d 623, 628 (Mo. 2021). A defendant does not bear the burden of disproving a plaintiff's case. *Id*. Any rule requiring a defendant's expert to prove a plaintiff's injury resulted from a specific cause or combination of causes would improperly shift the burden of proof to the defendant and hinder the defendant's ability to disprove the plaintiff's theory of causation. *Id*.

Here, Defendants' arguments were proper. Dr. Pogrel testified that TMD is a multifactorial condition. In his testimony he opined that females are up to 10 times more likely to develop TMD. Dr. Pogrel stated that a variety of factors can cause TMD such as: stress; whiplash from a car accident; and trauma such as being hit in the face by an airbag or softball. Dr. Porgrel specifically testified that braces in his opinion do not cause TMD. Ultimately, Dr. Pogrel testified that there were too many factors to determine exactly what caused Plaintiff to develop TMD, but in his

opinion it was not Dr. Moore's treatment. The Court finds that Defendants alternative causation arguments were proper. The jury was entitled to believe Dr. Pogrel. The Court cannot say there were any manifest errors that would require Rule 59(e) relief regarding Plaintiff's alternative causes argument. For the reasons stated, Plaintiff's Motion for a New Trial based on Defendants' alternative causes is **DENIED**.

IV.     **Weight of Evidence**

Plaintiff argues that the weight of evidence was that Plaintiff suffered damages for which she is receiving care and treatment. Defendants argue that Plaintiff failed to establish that negligent conduct by Defendants caused her damages. "A district court abuses its discretion in denying a motion for new trial based on sufficiency of evidence if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice." *Russell v. Anderson*, 966 F.3d 711, 724 (8th Cir. 2020) (quoting *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 4533, 459 (8th Cir. 2016)).

Here, Plaintiff has fails to establish how the verdict is against the weight of the evidence or how allowing it to stand would result in a miscarriage of justice. Plaintiff's argument focuses only on testimony presented on behalf of Plaintiff which ignores the testimony of Defendant and Defendant's experts. Plaintiff's offered testimony arguing Plaintiff's teeth looked abnormal, that she was embarrassed by them, and that Plaintiff had worsening asymmetry and ongoing pain in her jaw and head after treating with Dr. Moore. Likewise, Defendants offered testimony that Dr. Moore's treatment plan was appropriate, the plan would have worked with a compliant patient and that orthodontic treatment does not cause the type of problems Plaintiff claimed. The Court cannot say the jury verdict was against the weight of the evidence nor allowing it to stand would result in

a miscarriage of justice. In fact the Court finds the jury's verdict well supported by the evidence provided by Defendants. For the reasons stated, Plaintiff's Motion for a New Trial based on the weight of evidence is **DENIED**.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for a New Trial on conversion is **DENIED**. Plaintiff's Motion for a New Trial on negligence is **DENIED**. Plaintiff's Motion for a New Trial based on Defendants' alternative causation arguments is **DENIED**. Lastly, Plaintiff's Motion for a New Trial based on the weight of evidence is **DENIED**.

**IT IS SO ORDERED.**
Dated: January 23, 2025

                                             /s/ Douglas Harpool
                                             **DOUGLAS HARPOOL**
                                             **United States District Judge**